(110 So. 694)

### LEONARD v. STATE.    (6 Div. 64.)

(Court of Appeals of Alabama.  Dec. 14, 1926.)

1. Criminal law ⬷ 1044—On failure to request affirmative charge, sufficiency of evidence to sustain conviction under prohibition law was not raised.

In prosecution for violating prohibition law, sufficiency of evidence to sustain conviction was not presented, where no request for affirmative charge was made.

2. Criminal law ⬷ 753(2)—Affirmative charge must be denied, where evidence is in conflict and presents jury question.

Where evidence is in conflict and presents jury question, request for affirmative charge must be denied.

3. Criminal law ⬷ 992—Judgment for violating prohibition law, based on fine assessed in verdict, held sufficient.

In prosecution for violating prohibition law, judgment finding defendant guilty and assessing fine of $50 with costs held sufficient, where based upon $50 fine assessed in verdict.

Appeal from Circuit Court, Pickens County; John McKinley, Judge.

Bob Leonard was convicted of possessing prohibited liquor, and he appeals. Affirmed.

The judgment entry recites:

"Thereupon came a jury of 12 good and lawful men, to wit, J. M. Stokes, foreman, and 11 others, who, being impaneled, charged, and sworn, according to law, upon their oath do say, 'We, the jury, find the defendant guilty, as charged in the indictment, and assess a fine against him of $50.' It is therefore considered by the court and it is the order and judgment of the court that the defendant, Bob Leonard, is guilty of violating the prohibition law, and that he pay a fine of $50, together with the costs in this case."

Geo. O. Miller, of Livingston, for appellant.

The judgment is incomplete; it should show that "thereupon came a jury of good and lawful men," etc., and should show an adjudication of guilt "as charged in the indictment." The evidence is insufficient to support a judgment of conviction. Gay v. State, 19 Ala. App. 238; 96 So. 646; Gilmore v. State, 99 Ala. 154, 13 So. 536.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  Appellant was indicted, tried, and convicted of violating the prohibition law and was duly sentenced to perform hard labor for the county. From the judgment of conviction, he appealed.

[1, 2] No questions are presented for the consideration of this court, except the record proper, as no exceptions were reserved pending the trial. No special charges were requested, nor was there a motion for a new trial. The question of the sufficiency of the evidence to sustain the conviction is not presented, as the affirmative charge was not requested. However, such request, if made, would, of necessity, have been denied, as the evidence was in conflict and presented a jury question.

[3] The insistence here made by counsel for appellant that the judgment contained in this record was insufficient, as such, is wholly without merit. The judgment meets every requirement of law, and the record proper, as a whole, is regular and without error. The judgment of the circuit court, from which this appeal was taken, is affirmed.

Affirmed.